BEFORE THE THIRD DIVISION, DECEMBER 10, 1942

**No. 47789.**—Protest 50875–K of M. A. Hoenecke (Minneapolis).

KEEFE, Judge: The merchandise herein consists of certain film animation equipment, such as a small projection apparatus, wood background pieces in geometrical shapes, a metal table and parts used specially with animated cartoons, a chronometer for measuring time, a tactometer, an electric motor and rheostat used in lighting effects, artists' colors, drawing frames and wood stand brushes, cellophane sheets, cork sheets, water color paintings, phonograph and records, a motion picture camera and films, a box type camera, and 9,000 feet of motion-picture visual education films. Duty was assessed thereon at various rates

applicable under the Tariff Act of 1930. The plaintiff claims that the film animation equipment is entitled to free entry under the provisions of paragraph 1747, providing in part as follows:

PAR. 1747. Professional books, implements, instruments, and tools of trade, occupation, or employment in the actual possession of persons emigrating to the United States owned and used by them abroad; but this exemption shall not be construed to include machinery or other articles imported for use in any manufacturing establishment, or for any other person or persons, or for sale, nor shall it be construed to include theatrical scenery, properties, and apparel; * * *.

The importer testified that the foregoing articles were owned by him in Czechoslovakia and actually used by him in that country in the pursuit of his profession; that he is engaged in the profession of producing animated color film cartoons and teaching the same to classes at the University of Minnesota; that he was engaged in the same activity in Czechoslovakia before emigrating to the United States and that such activity was his means of livelihood abroad and still is, the articles in question being now in actual use by him at the University of Minnesota.

The courts have rendered many decisions relative to implements, instruments, or tools of trade of a person emigrating to the United States. In the case of *Dunham* v. *United States*, T. D. 46941, this court reviewed the law relative to tools of trade, citing many decisions, and there found that the office equipment of a dentist emigrating from Canada was entitled to free entry under paragraph 1747 of the act of 1930. The court there held that paragraph 1747 of the Tariff Act of 1930 providing exemption from duty upon professional books, implements, instruments, and tools of trade, occupation, or employment in the actual possession of persons emigrating to the United States when owned and used by them abroad has been liberally construed by the courts, and in case of doubt the construction should be in favor of the importer. The word "instrument" was held to include "that which is made a means, or caused to serve a purpose." Free entry was granted under this paragraph to all "instruments" that pertain to the occupation of the immigrant.

In view of the uncontradicted evidence in this case and following the decision cited, we hold that the merchandise covered by the entry herein is entitled to free entry under paragraph 1747, act of 1930, as tools of trade. Judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund of all duty taken.